# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RONALD A. THOMAS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0331** (BOR Appeal No. 2047589)
              (Claim No. 2006041179 & 2011027968)

**BIG SANDY FURNITURE,**
**Employer Below, Respondent**

**and**

**BIG SANDY FURNITURE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald A. Thomas, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Big Sandy Furniture, by Bradley Crouser, its attorney filed a timely response. Big Sandy Furniture, Inc., by Lisa Warner Hunter, its attorney, also filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 11, 2013, in which the Board affirmed an August 3, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 25, 2011, decision to not open Mr. Thomas's previous claim for additional temporary total disability benefits. Furthermore, the Office of Judges modified the claim administrator's March 16, 2011, decision to state that Mr. Thomas's left knee injury is denied because his condition is related to pre-existing severe osteoarthritis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Thomas was an employee at Big Sandy Furniture in 2006 when he caught his foot on an air conditioner strap and injured his knee and lower back. Based upon a report by Bruce Guberman, M.D., Mr. Thomas was granted 8% permanent partial disability for the injuries to his lumbar spine. Dr. Guberman opined in his report that the only problem in the left knee was a sprain that would not result in any further disability rating. Thereafter the petitioner's knee problems seemed to dissipate. Mr. Thomas testified to that fact on September 20, 2011, at his deposition. The Office of Judges found further support of the knee problems dissipating in the reports of Dr. Guberman and Prasadarao B. Mukkamala, M.D. The claims administrator denied reopening Mr. Thomas's claim because he did not suffer a progression of his 2006 injury. The Office of Judges affirmed the claims administrator's decision because Dr. Guberman's independent medical examination conducted on November 14, 2006, showed that Mr. Thomas was at his maximum degree of medical improvement and his knee had no resulting problems. The Office of Judges used this information to come to the conclusion that Mr. Thomas's current knee problems were not the result of his 2006 injury.

Mr. Thomas also submitted a claim for his alleged February 4, 2011, injury. The petitioner asserts he was cleaning the lower shelf of a table on one knee. As he turned, he felt the pop and pain. He immediately reported the injury to his supervisor, Pete Lilly. The claims administrator denied Mr. Thomas's application because there was no "specific, isolated and fortuitous event described." The Office of Judges modified the reasoning behind denying Mr. Thomas's new claim. The Office of Judges found that Mr. Thomas's knee symptoms were caused by his pre-existing osteoarthritis. In reaching its conclusion, the Office of Judges pointed to the content of the reports of Dr. Mukkamala and Jeffery McElroy, M.D., which found Mr. Thomas's symptoms are caused by osteoarthritis and degenerative changes and not due to any isolated injury or occurrence. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. The majority of the medical evidence points to the conclusion that Mr. Thomas's symptoms in his knee are neither related to his 2006 injury nor as a result of his alleged 2011 injury. The report of Dr. Guberman shows that Mr. Thomas's 2006 injury healed. This is further supported by Dr. Mukkamala's report and Mr. Thomas's own testimony. The Office of Judges was not in error to conclude Mr. Thomas's symptoms are attributable to his preexisting osteoarthritis and normal degenerative changes instead of an isolated injury. The reliable and credible reports of Drs. McElroy and Mukkamala indicate that the symptoms are most likely related to osteoarthritis and degenerative changes.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum